IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TERRELL MADISON,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| V. : | |
| : NO. 5:24-cv-00014-TES-CHW | |
| **WARDEN WALTER BERRY,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| : | |

# ORDER

Plaintiff Terrell Madison, a prisoner in Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1; Suppl., ECF No. 4. Plaintiff has also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF Nos. 2 & 5. As set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**. Accordingly, Plaintiff's complaint is ripe for preliminary review. On that review, Plaintiff is **ORDERED** to recast the complaint consistent with the instructions herein if Plaintiff wants to proceed with this action.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court

with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b).

Pursuant to this provision, Plaintiff has moved for leave to proceed without prepayment of the $350.00 filing fee, and Plaintiff's submissions show that Plaintiff is currently unable to prepay any portion of the filing fee. Plaintiff's motion to proceed *in forma pauperis* is therefore **GRANTED**. Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

A.    Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the

amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against Plaintiff prior to the collection of the full filing fee.

    B.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, Plaintiff shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if Plaintiff is able to make payments but fails to do so or otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

    I.    Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys,"

and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

4

under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Plaintiff's Allegations

At the outset, Plaintiff asserts in the complaint that Warden Walter Berry and other defendants have been deliberately indifferent to Plaintiff's serious medical needs by limiting Plaintiff's access to gender dysphoria treatment. Compl. 6, ECF No. 1. In particular, Plaintiff asserts that the defendants have denied treatments including hormone therapy, instead providing only psychiatric drugs and counseling. *Id.*

The complaint alleges that Plaintiff was placed in Unit Manager Garmon's building with a cellmate named Emmanuel Bailey after Plaintiff was sexually assaulted in Unit Manager Burch's building. *Id.* The complaint states that Plaintiff spent twenty-four hours a day in that cell but does not specify how many days Plaintiff was in that cell. *Id.* Plaintiff next contends that Warden Walter Berry's refusal to order the Medical Director and Mental Health Director to treat Plaintiff's gender dysphoria symptoms amounted to deliberate indifference to Plaintiff's safety.[1] *Id.*

Plaintiff next asserts that, on November 2, 2023, Defendant Captain Harden was informed about Plaintiff's gender dysphoria not being treated. *Id.* at 7. Captain Harden told Plaintiff that she would talk with Dr. Harris, the prison's mental health doctor, who

---

[1] Plaintiff refers to Defendant's motion to dismiss this case, but no defendants have been served and no motions to dismiss have been filed at this point.

diagnosed Plaintiff with gender dysphoria. *Id.* Also in November, Plaintiff was placed in "CSU" by Lieutenant Fluddy because Plaintiff had attempted self-castration and was having suicidal thoughts. *Id.* Thereafter, Plaintiff was seen by Dr. Moyendae, Ms. Jackson, and Nurse Russel to discuss the failure to treat Plaintiff's gender dysphoria symptoms. *Id.* Dr. Moyendae said that was why Plaintiff was in CSU. Plaintiff agreed and requested treatment. *Id.* Plaintiff was given psychiatric drugs and discharged the next day. *Id.* Plaintiff was then put into the "SHU" run by Unit Manager Garmon. *Id.*

On December 15, 2023, while in Unit Manager Burch's building, Plaintiff was coming from the restroom and was stopped by four inmates who told Plaintiff to move out of the sight of the camera. *Id.* One of the men then took out his penis and nodded at Plaintiff. *Id.* Plaintiff's lips touched the inmate's penis and Plaintiff was hit in the face as he stood up, but the penis did not go in Plaintiff's mouth. *Id.* Plaintiff then spoke with Lieutenant Willis about filing a Prison Rape Elimination Act ("PREA") complaint. *Id.* Willis told Plaintiff to write a statement and took pictures of Plaintiff's lip and swollen jaw. *Id.* Willis also took a DNA sample from Plaintiff's lip. *Id.* Plaintiff was then placed in Unit Manager Garmon's building in a two-bunk cell, which Plaintiff asserts put Plaintiff at risk of harm. *Id.*

On January 4, 2024, Plaintiff spoke to Deputy Wardens of Security Clerk and Gardner, Deputy Warden of Care and Treatment Farmer, Deputy Warden of Administration Reed, Unit Manager Rowlen, CERT Sergeant Brittain, CERT Officer Issiah, Officers Smith, Cannon, Jackson, and Ford, and Sergeant Miller. *Id.* at 8. Plaintiff told each of these individuals about the assault, which he asserts occurred because

of untreated gender dysphoria.[2]  *Id.*

### III.  Order to Recast

As drafted, the complaint does not clearly explain how Plaintiff's constitutional rights have been violated. Liberally construed, the complaint may seek to assert a claim for deliberate indifference to a serious medical need or deliberate indifference to safety. To state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).

The complaint alleges that Plaintiff has been diagnosed with gender dysphoria and has received psychiatric drugs and counseling but has not been given hormone therapy. Although this allegation may be sufficient to show a serious medical need, Plaintiff has not alleged specific facts showing that any of the named defendants specifically knew about this diagnosis or knew that Plaintiff was in need of hormone therapy but disregarded any risk of harm to Plaintiff related to this need. Instead, the complaint makes only general allegations that Plaintiff spoke to certain defendants about having untreated gender dysphoria and that Warden Berry limited access to gender dysphoria treatments. These general allegations are not sufficient to set forth a claim for deliberate indifference to Plaintiff's serious medical need.

---

[2] Plaintiff has also filed a supplement to the complaint, which contains largely the same allegations as those included in the original complaint. *See* Suppl., ECF No. 4. Thus, even considering the supplement, Plaintiff must recast the complaint in accordance with this order.

To state a claim for deliberate indifference to safety, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk the prisoner's health or safety and that the defendant knew of and disregarded a significant risk of harm. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). On this point, Plaintiff appears to be asserting that the failure to provide treatment for gender dysphoria caused Plaintiff to be assaulted by other inmates. The complaint does not allege facts showing any actual connection between these two things. Moreover, the complaint does not allege facts showing that any named defendant was deliberately indifferent in this regard.

Although the complaint names a number of defendants, it includes little to no information about what they have done to violate his rights. In particular, at the end of the statement of facts, the complaint states that Plaintiff told several named defendants about the assault, but this allegation alone does not suggest that any of these individuals was deliberately indifferent to Plaintiff's needs or violated Plaintiff's rights in any other way. The complaint also lists other named defendants who are not mentioned at all in the statement of facts.

To proceed with this action, Plaintiff must recast his complaint. In recasting the complaint, Plaintiff shall clearly identify those individuals to be included as named defendants in this case. In the statement of claims, Plaintiff must clearly explain what each individual defendant did or did not do to violate Plaintiff's constitutional rights. If Plaintiff asserts a claim but does not connect that claim to any defendant, that claim will be subject to dismissal. Likewise, if Plaintiff names a defendant but does not allege any

facts to show what the defendant did, that defendant will be subject to dismissal.

To that end, it is recommended that, when drafting the statement of claims, Plaintiff set forth a statement of the relevant facts and also list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct? Is he a supervisory official? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief you seek from this defendant?

The recast complaint should state Plaintiff's claims as simply as possible and need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8.

The recast complaint will take the place of and supersede Plaintiff's prior complaint, such that the Court will not look back to the original complaint to determine whether Plaintiff has stated a claim. Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint. Plaintiff shall have **FOURTEEN (14) DAYS**

from the date of this order to recast his complaint as directed herein. Failure to do so, or to otherwise fully and timely comply with this order, may result in the dismissal of Plaintiff's complaint. While this case is pending, Plaintiff must promptly inform the Court in writing as to any change in Plaintiff's mailing address.

The Clerk is **DIRECTED** to forward Plaintiff a new 42 U.S.C. § 1983 complaint form along with a copy of this Order (with the civil action number showing on both). There will be no service until further order of the Court.

**SO ORDERED and DIRECTED**, this 29th day of February, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge