# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**TERRELL MADISON,**  :
:
       **Plaintiff,**  :
:
**V.**  :
:  NO. 5:24-cv-00014-TES-CHW
**WARDEN WALTER BERRY,** *et al.*,  :
:
       **Defendants.**  :
:

## ORDER & RECOMMENDATION

Plaintiff Terrell Madison, a prisoner in Baldwin State Prison in Hardwick, Georgia, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1; Suppl., ECF No. 4. He also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF Nos. 2 & 5. Plaintiff's motion to proceed *in forma pauperis* was granted, and Plaintiff was ordered to recast his complaint if he wanted to proceed with this action.[1]

Plaintiff has now filed a recast complaint.[2] Recast Compl., ECF Nos. 10 & 12. On preliminary review of Plaintiff's recast complaint, Plaintiff will be permitted to proceed for further factual development on his claim that Defendant Warden Walter Berry has been

---

[1]Because Plaintiff has already been granted leave to proceed *in forma pauperis*, his pending motion for *in forma pauperis* status (ECF No. 11) is **DENIED AS MOOT**.

[2]Plaintiff has actually filed two recast complaints. The first of them largely reiterates what Plaintiff has already asserted, whereas the second adds some additional details and arguments. In the interest of providing a full picture of Plaintiff's allegations, the factual statements from both recast complaints are recounted in this order and recommendation.

deliberately indifferent to Plaintiff's serious medical needs. It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim as discussed below.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.  Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    Plaintiff's Allegations

In the first recast complaint, Plaintiff begins by stating that Warden Walter Berry violated Plaintiff's rights by banning treatment for gender dysphoria. Recast Compl. 10, ECF No. 10. Plaintiff then goes on to assert that, on December 15, 2023, he was placed in Unit Manager Garmon's building with inmate Emmanuel Bailey after being assaulted by other inmates in Unit Manager Burch's building. Recast Compl. 10, ECF No. 10. Plaintiff asserts that Warden Walter Berry's refusal to approve treatment prescribed by an

endocrinologist on February 7, 2024, constitutes deliberate indifference to a risk of harm. *Id.*  Plaintiff lists forty-five individuals as defendants on this complaint.  *Id.* at 7-8.

In the second recast complaint, Plaintiff names sixteen defendants.  Recast Compl. 6-7, ECF No. 12.  In this complaint, Plaintiff asserts that prison officials' deliberate indifference to his gender dysphoria caused him to be sexually assaulted by one inmate and assaulted by four other inmates.  *Id.* at 6.  Plaintiff states that Dr. Akunwanne, Dr. Moyendae, Dr. Womble, CSU Counselor Jackson, Mental Health Counselor Amos, and Health Services Administrator Donnie Drago were all aware of the standard of care, including that "gender dysphoria is a serious medical condition that can require hormone therapy and female gender expression."  *Id.*  Plaintiff next alleges that Dr. Harris diagnosed Plaintiff with gender dysphoria at Baldwin State Prison.  *Id.*

In attached pages, Plaintiff asserts that Warden Berry denied Plaintiff's grievance relating to gender dysphoria in a statement recognizing Plaintiff's diagnosis and noting that Plaintiff must now be seen by an endocrinologist but that the appointment had not been scheduled.  *Id.* at 9.  Plaintiff contends that Berry has acted with deliberate indifference to Plaintiff's gender dysphoria insofar as Plaintiff has not been treated.  *Id.* at 10.  Plaintiff asserts that the standard operating procedures limit treatment to inmates who had been identified as transgender during their intake screenings.  *Id.*

In the next section, Plaintiff identifies Lieutenants Green, Booth, Wallner, Willis, Gillmore, Floody, and Hardem; Deputy Wardens of Security Clark and Gardner; Deputy Warden of Care and Treatment Farmer; Deputy Warden of Administration Reed; and

Warden Berry, but it is unclear what he is alleging as to this group of potential defendants.[3] *See id.* at 10-11. When responding to whether they were personally involved in any alleged violations, Plaintiff states, "no harsh comment was made from named defendants." *Id.* at 11. Plaintiff also states that because he is kept in his cell, he does not know what is said at meetings. *Id.* Plaintiff then goes on to refer to the sexual assault and assault on Plaintiff by other inmates. *Id.* at 11-12.

In further attached pages, Plaintiff asserts that medical director Dr. Akunwanne was deliberately indifferent to Plaintiff's medical needs by adhering to "freeze frame policies and treatment bans" relating to gender dysphoria. *Id.* at 15. Plaintiff states that he has missed appointments with the endocrinologist, delaying Plaintiff's treatment. *Id.*

Plaintiff also alleges that Warden Berry, Clark, Gardner, Farmer, Amos, Donnie Drago, Moyendae, Akunwanne, and Dr. Womble failed to protect Plaintiff from sexual assault and other physical abuse as a transgender woman housed in a men's prison.[4] *Id.* at 16. Plaintiff reiterates that he was placed in Unit Manager Garmon's building after being assaulted in Unit Manager Burch's building. *Id.* at 17. Plaintiff also asserts that the officers ignore violence or are abusive to transgender inmates. *Id.*

III. Plaintiff's Claims

As before, Plaintiff appears to be asserting a claim that Warden Berry and other

---

[3] Plaintiff has included some of these potential defendants in the list of named defendants, but he has not included others. *See* Recast Compl. 4, ECF No. 12.

[4] As has been explained in previous orders, although Plaintiff asserts that he is transgender, he has not expressed a preference for the use of she/her pronouns. Thus, he/him pronouns have been used throughout this and other orders.

officials have been deliberately indifferent to Plaintiff's serious medical needs by failing to get him treatment for gender dysphoria. Additionally, Plaintiff seems to be attempting to assert a claim that the failure to get him treatment also amounted to a deliberate indifference to Plaintiff's safety resulting in Plaintiff being assaulted by other inmates.

### A. Deliberate Indifference to a Serious Medical Need

To state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Here, Plaintiff has alleged that he has been diagnosed with gender dysphoria and that he has received psychiatric drugs and counseling, but that he has not been given hormone therapy. Plaintiff also asserts that the delay in seeing an endocrinologist has been harmful to him.

Construing Plaintiff's factual allegations broadly in his favor, he has arguably alleged sufficient facts to proceed on a claim against Warden Berry. In this regard, Plaintiff asserts facts showing that Berry is aware that Plaintiff has been diagnosed with gender dysphoria and that the next step for Plaintiff is to see an endocrinologist, but that no appointment with an endocrinologist has been scheduled. Plaintiff further alleges that there have been multiple delays in his treatment, which have been harmful to him. Thus, Plaintiff will be permitted to proceed against Warden Berry on a deliberate indifference to a serious medical need claim relating to the failure to treat his gender dysphoria.

As to the remaining defendants, Plaintiff's claims are general allegations that are not sufficient to set forth a claim for deliberate indifference to Plaintiff's serious medical

need. For example, Plaintiff asserts that Dr. Harris diagnosed Plaintiff with gender dysphoria, but he does not allege any facts to show that Dr. Harris was then deliberately indifferent to any of Plaintiff's needs in this regard. Similarly, Plaintiff broadly alleges that Dr. Akunwanne improperly adhered to "freeze frame" policies and that various defendants knew the appropriate standard of care, but Plaintiff does not provide any specific factual allegations to show that any of these defendants was aware of and deliberately indifferent to a risk of harm to Plaintiff.

For many of the named defendants, Plaintiff does not include any allegations whatsoever. Therefore, it is **RECOMMENDED** that Plaintiff's deliberate indifference to a serious medical need claim be **DISMISSED WITHOUT PREJUDICE** as to all remaining defendants other than Warden Berry.

### B. Deliberate Indifference to Safety

To state a claim for deliberate indifference to safety, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk the prisoner's health or safety and that the defendant knew of and disregarded a significant risk of harm. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). On this point, Plaintiff appears to be asserting that the failure to treat him for gender dysphoria caused him to be assaulted by other inmates.

Plaintiff does not allege facts showing any actual connection between these two things and does not allege facts showing that any named defendant was deliberately indifferent in this regard. Notably, Plaintiff does not assert any facts to show that any defendant was aware that Plaintiff was at risk of being assaulted prior to the purported

attacks. Thus, it is **RECOMMENDED** that Plaintiff's deliberate indifference to safety claim be **DISMISSED WITHOUT PREJUDICE** as to all of the defendants.

IV.     Conclusion

Therefore, for the reasons discussed above, Plaintiff will be permitted to proceed for further factual development on his claim that Warden Walter Berry was deliberately indifferent to Plaintiff's serious medical needs in relation to Plaintiff getting treatment for gender dysphoria. It is **RECOMMENDED** that Plaintiff's deliberate indifference to serious medical needs claim against the remaining defendants and his deliberate indifference to safety claim against all defendants be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on

**DEFENDANT WARDEN WALTER BERRY**, and that he file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

### DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute. Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each

opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced

upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED and RECOMMENDED**, this 22nd day of May, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge